IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-160-BR-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOSHUA SCOTT CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a narcotics detective with the Fayetteville Police Department. Defendant presented the testimony of a proposed third-party custodian, his grandmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 8 counts of an 18-count indictment returned on 29 July 2014 with: one count of conspiracy to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); three counts of distribution of heroin (cts. 3, 6, 11) and, in two of such counts (cts. 3, 11), aiding and abetting the

same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; three counts of using a communication facility, namely a telephone, to facilitate the drug conspiracy and acts of distribution, in violation of 21 U.S.C. § 843(b) (cts. 5, 7, 13); and one count of possession with intent to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) (ct. 17). The alleged conspiracy occurred from about October 2012 to 1 April 2013, and the other offenses from 13 March 2012 to 1 April 2013.

The evidence presented at the hearing showed that the charges arise from defendant's participation as a courier in a sophisticated heroin trafficking organization operating in the Fayetteville, North Carolina area. The organization distributed distribution amounts of heroin, typically half ounce or more. It operated out of rooms at hotels, which were changed every few days and paid for by the leader of the organization. In addition, the organization provided couriers rental cars for use in the drug trafficking, which were regularly traded for other rental cars. The organization had what was called a "drug line" whereby customers could order distribution amounts of heroin, which the couriers would then deliver to them. The cellular telephones used by the organization were regularly replaced with new telephones.

Defendant participated in three controlled sales of heroin to a confidential informant in Fayetteville. He handed the confidential informant the drugs in two of the transactions (13 and 19 March 2013) in addition to handling telephone calls relating to them, and helped arrange by telephone the third transaction (28 March 2013). Authorities generally recorded the telephone calls relating to these and the other controlled transactions alleged in the indictment and took still photographs of the transactions. Defendant also participated on 22 March 2013 in the trading in of rental cars used by the organization.

In addition to evidence of the foregoing events, police recovered over eight ounces of heroin, $9,000 in currency in $1,000 bundles, and drug paraphernalia (*e.g.*, digital scales, baking soda, baggies, drug distribution ledger) from a hotel room defendant used in connection with a 1 April 2013 controlled sale of heroin (*see* ct. 15). Further, a codefendant gave a post-arrest statement describing in detail the operation of the organization, including defendant's role in it.

On or about 2 April 2013, defendant was arrested on state charges arising from the conduct alleged in the federal indictment. He was subsequently released on a $25,000 secured bond. On 19 September 2013, 22 October 2013, and 13 May 2014, he failed to appear in the state case.

Defendant resided with a convicted drug trafficker at the time of the alleged offenses and returned to that residence after his release on the state charges. The proposed custodial home is about a mile from this residence.

## **Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the sophisticated nature of the organization in which defendant participated, the quantity of heroin involved, defendant's relatively central role in the organization, and the substantial prison term defendant faces if convicted; defendant's failure to appear and residing with a convicted drug trafficker while on state pretrial release; the

unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger defendant presents, the diminished capacity of the proposed custodian due to her health condition, and the location of the proposed custodial home (in Shannon) near where defendant resided (Red Springs) while participating in the alleged drug-trafficking (*i.e.*, a location that would enable him to resume drug-trafficking activity in the Fayetteville area where he was engaging in it previously); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence. For example, although defendant claims an employment history as a construction worker, the record indicates that employment did not deter him from participation in drug-trafficking activity. In addition, defendant does not have an aggravated criminal record. But his extensive participation in the alleged drug organization tends strongly to negate any inference from this criminal record that he has due respect for the law.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of September 2014.

_____
James E. Gates
United States Magistrate Judge